RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0274p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

PATRICK S. LASLEY,

*Plaintiff-Appellant,*

No. 14-3044

*v.*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:10-cv-00394—Susan J. Dlott, Chief District Judge.

Decided and Filed: November 4, 2014[*]

Before: DAUGHTREY, CLAY, and COOK, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Mark R. Naegel, Cincinnati, Ohio, for Appellant. Kyle D. Kickhaefer, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

_____

**OPINION**

_____

COOK, Circuit Judge. Mark Naegel, counsel for a prevailing social security disability benefits applicant, appeals the district court's order awarding significantly reduced attorneys' fees under 42 U.S.C. § 406(b). He argues that the court should have approved his request for $26,049.73—the 25-percent contingency fee accepted by his client and permitted by statute. The

---

[*]This opinion was filed on November 4, 2014 as an "unpublished decision." The court has now designated the opinion as one recommended for "full-text publication."

1

Commissioner of Social Security, representing the interests of the claimant whose benefits pay for the fees, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (acknowledging the Commissioner's trustee-like role), opposed this sum as a "windfall" in light of counsel's 35.5 hours of work. The district court agreed. Adopting the magistrate judge's report and recommendation, the court rejected the contingency fee as unreasonably high and awarded $12,780—the amount proposed by the Commissioner. Satisfied that the court acted within its discretion, *see Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997), we AFFIRM.

When a district court renders a favorable judgment to a social security claimant, § 406(b) permits a district court to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, the Supreme Court concluded that the statute's allowance of "a reasonable fee" permits contingency fees, but "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. "Within the 25 percent boundary," prevailing counsel bears the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Id.*

Counsel correctly notes that our precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap. *E.g.*, *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). *Hayes* modified this presumption by setting a "floor" for court review of contingency fees: "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." 923 F.2d at 422. Counsel claims that the district court committed legal error by failing to recognize this presumption. Not so.

The court cited *Hayes* for "the presumed reasonableness" of contingency fees, generally, and sub-floor fees, specifically. Still, counsel objects that the court betrayed *Hayes*'s "floor" analysis by substituting *Hayes*'s permissive language with mandatory language. *Cf.* 923 F.2d at 422 ("If the calculated hourly rate is above this [double-the-standard-rate] floor, then the court *may* consider arguments designed to rebut the presumed reasonableness of the attorney's fee." (emphasis added)). To the contrary, the court adhered to *Hayes*'s teaching by acknowledging

that "a hypothetical hourly rate that is more than twice the standard rate will not automatically be held to constitute an unreasonable 'windfall.'"  Nothing in *Hayes* prevents a court from *considering* arguments rebutting the presumption of reasonableness.

Nor, for that matter, does the Supreme Court's decision in *Gisbrecht*, which elides strict presumptions altogether.  *Compare Gisbrecht*, 535 U.S. at 793 (reversing because the appellate court categorically "reject[ed] the primacy of lawful attorney-client fee agreements"), *with id.* at 807 n.17 (quoting the claimants' concession that § 406(b) "does not create any presumption in favor of the agreed upon amount").  Instead, *Gisbrecht* instructs reviewing courts to "look[] first to the contingent-fee agreement, then test[] it for reasonableness."  *Id.* at 808.  Importantly, the Court approved of reducing fees to avoid windfalls and expressly authorized district courts to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees.  The Court instructed as follows:

> If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *See* [*Rodriquez*, 865 F.2d at 747] (reviewing court should disallow "windfalls for lawyers"); [*Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)] (same).  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. *See Rodriquez*, 865 F.2d at 741.

*Gisbrecht*, 535 U.S. at 808.

The district court followed that approach here.  It began by acknowledging the contingency-fee agreement and § 406(b)'s 25-percent ceiling.  It then considered the effective hourly rate "as one relevant factor in determining the reasonableness" of the contingency fee.  Here, the effective hourly rate of $733.80 ($26,049.73 ÷ 35.5 hours) grossly exceeded—indeed, more than quadrupled—the standard rates applied to social security fee requests in the Southern District of Ohio.  *See, e.g.*, *Jones v. Astrue*, No. 3:09–cv–80, 2012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012) (Report & Recommendation) (using "conservative" hourly rate of $180), *adopted*, 2012 WL 3763909; *Edwards v. Comm'r of Soc. Sec.*, No. 1:08–cv–815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011) (relying on $165 hourly rate approved in counsel's application for fees under the Equal Access to Justice Act as standard rate for assessing the

reasonableness of the contingency fee under § 406(b)).  The district court considered other factors, too, including counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the "brevity" and "relative simplicity" of the representation.

Counsel neither presents evidence of a contrary standard rate nor disputes the district court's finding regarding the relative complexity of this litigation compared to other social security cases.  The court thus acted within its discretion in determining that counsel failed to carry the burden of demonstrating the contingency fee's reasonableness.  *See Gisbrecht*, 535 U.S. at 807.  Because counsel advances no separate argument challenging the degree of the fee reduction, we AFFIRM the district court's fees award.